ISAAC McKAY, Respondent, *v.* NEWTON FARR et AL., Appellants.

EQUITY—FINDINGS OF FACT—NEW TRIAL—PRESUMPTION.

1. While the supreme court has power, under section 9, art. 8, of the constitution, to review questions of fact in an equity case, still, when such cases have been regularly tried before a court of chancery, and facts found on all material issues, the appellate court will not disturb such findings unless they are so manifestly erroneous as to demonstrate some oversight or mistake which materially affects the substantial rights of the appellant.

2. Where it is urged that a trial court erred in refusing a new trial on the ground of newly-discovered evidence, and it does not appear from the affidavits why the newly-discovered evidence could not have been produced at the trial, and the transcript shows no assignment of error upon the action of the trial court thereon, and where it does not appear on the hearing of the appellant's motion for a new trial that the court's attention was directed to the affidavits, or that they were considered by the court, or identified as papers used on the hearing, the appellate court will not consider the affidavits. The appellate court must presume that the court below committed no error in overruling a motion for a new trial, and the burden of overthrowing this presumption, and of showing that the action of the court was erroneous, is on the appellant.

(No. 784.   Decided June 7, 1897.)

Appeal from the Second district court, Weber county. Hon. H. H. Rolapp, *Judge.*

Action by Isaac McKay against Newton Farr and others. Judgment for plaintiff. Defendant Lorin Farr appeals. *Affirmed.*

*Elijah Farr* and *E. T. Hulaniski*, for appellants.

*Evans & Rogers*, for respondent.

BARTCH, J.:

It appears from the complaint in this case that on the 14th of January, 1893, the defendants Newton and Ezra Farr executed and delivered to the plaintiff a promissory note in the sum of $900, and at the same time Newton Farr and his wife, Martha D. Farr, executed and acknowledged a mortgage on certain real property as security for the note. When this action was brought by the plaintiff to foreclose the mortgage, the defendant Lorin Farr set up in his answer, as matter of defense, that on the 16th day of February, 1893, Newton Farr executed and delivered to him a note for $3,000, and secured it by mortgage on the same property as that described in the complaint, and that the mortgage was recorded on the following day. He also averred that the plaintiff's mortgage was not recorded, and that he had neither actual nor constructive notice of a prior mortgage. At the trial a decree of foreclosure was made, and judgment entered in favor of the plaintiff, and this action of the court is now challenged on appeal.

The decisive question in this case, it being conceded that respondent's mortgage was not recorded, is whether the appellant, at or before the time of taking his mortgage, had actual notice of the existence of the prior unrecorded mortgage. Counsel for the appellant contend that the fifth finding of fact, wherein the court found that the appellant had such notice of the prior mortgage, and of the fact of its being a lien on the property therein described, is not supported by the evidence. This being an action in equity, the supreme court is empowered (under section 9, art. 8, of the constitution, which provides,

"In equity cases the appeal may be on questions of both law and fact") to examine the evidence, and determine whether it is sufficient to sustain the finding. From the record it appears that only two witnesses, the defendants Lorin and Newton Farr,—father and son,—testified as to this question. The father testified that when he took the note and mortgage he had no notice of the respondent's mortgage, or of any lien on the premises in question. He also testified in substance that he was about 74 years of age, and that his memory was "not so very good as to conversations"; that his recollection and memory of everything except facts were not as good as prior to the time when he received an injury on his head, which was about nine years ago, and was so severe that he knew nothing and was unconscious for over a month; that in discussing this matter his son at first insisted that he had told him about the prior mortgage, but afterwards he thought perhaps he had not told him; that he generally was very dutiful and respectful; and that his son would oppose his judgment as much as any of his children, but he would naturally expect him to give in if they were disputing about facts. Newton Farr testified in substance that, to the best of his recollection, he told his father about the prior mortgage, and that he was giving him a second mortgage. Further reference to the evidence in detail would answer no useful purpose, because a substantial conflict therein is apparent. The father testifies positively, it is true, while the son testifies to the best of his recollection, but under all the circumstances of the case the son's testimony appears quite convincing to the mind. The father himself says that, owing to the severe injury which he received about his head, his memory is impaired as to conversations, and it is quite likely that at this distance of time he has no recollection of what his

son said to him about the second mortgage. There is nothing to show that the son would have any interest in opposing, or inclination to oppose, his father's interests; and it is much more charitable to entertain the view that the conflict in the evidence is the result of an admitted defective memory than to hold that either the father or son committed perjury. This is especially so to us who have had no opportunity to observe the conduct of the witnesses while on the stand, or to test their powers of recollection. The trial court having had such opportunity, we will not, in view of the conflicting testimony, and under the peculiar circumstances of this case, hold that its findings are not supported by the evidence, or that the findings do not support the judgment. While we have power, under the constitution, to review questions of fact in an equity case, still, when such cases have been regularly tried before a court of chancery, and facts found on all material issues, we will not disturb such findings unless they are so manifestly erroneous as to demonstrate some oversight or mistake which materially affects the substantial rights of the appellant. This is the settled rule in this state. *Stahn* v. *Hall*, 10 Utah 400; *Mining Co.* v. *Haws*, 7 Utah 515; *Dooly Block* v. *Transit Co.* 9 Utah 31; *Whitesides* v. *Green*, 13 Utah 341; *Wells* v. *Wells*, 7 Utah 68.

It is also insisted that the court erred in refusing a new trial on the ground of newly-discovered evidence. Three affidavits of Lorin, Ezra, and Enoch Farr appear in the record, and are relied upon to support this contention. The alleged new evidence is contained in the affidavits of Ezra and Enoch Farr. It is merely cumulative, and it does not very satisfactorily appear from Lorin Farr's affidavit why this evidence could not, by the use of reasonable diligence, have been discovered and produced at the trial,—especially that of Ezra Farr, who

was one of the defendants. Nor does the transcript show any assignment of error upon the action of the trial court thereon. Nor does it anywhere appear that on the hearing of the appellant's motion for a new trial the court's attention was directed to the affidavits, or that they were considered by the court, or identified as papers used on the hearing. Under these circumstances, we cannot consider the affidavits, because they are not properly a part of the record. This court must presume that the court below committed no error in overruling the motion for a new trial, and the burden to overthrow this presumption and show that the action of the court was erroneous is on the appellant. He having failed in this its action must be upheld. *Nash* v. *Harris*, 57 Cal. 242; *Baker* v. *Snyder*, 58 Cal. 617; *Walsh* v. *Hutchings*, 60 Cal. 228. We perceive no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.