MICHAEL KLOPENSTINE, RESPONDENT *v.* S. HAYS, APPELLANT.

PRACTICE — SUPPLEMENTAL FINDINGS — JUDGMENT ALLOWED TO STAND—MINING LOCATION — FAILURE TO DO ASSESSMENT WORK —RESUMPTION OF WORK BEFORE OTHER RIGHTS INTERVENE— EFFECT OF—ASSESSMENT WORK—WHEN MAY BE DONE THROUGH ADJOINING CLAIM—EVIDENCE—DEED IN CORRECTION OF FORMER DEED — WHEN ADMISSIBLE — NEW TRIAL — NEWLY DISCOVERED EVIDENCE AS GROUND FOR — WHAT ELEMENTS NECESSARY — EQUITY CASE — FINDINGS OF TRIAL COURT — WHEN NOT DISTURBED.

*Practice—Supplemental Findings—Judgment Allowed to Stand.*
It is not good practice, after findings and judgment, for the

court to supplement such findings and file additional findings at the request of either party, while the judgment is allowed to stand.[1]

*Mining Location—Failure to do Assessment Work—Resumption of Work before other Rights Intervene—Effect of.*

Although the owner of a mining location originally valid, has failed in his assessment work, so that the ground is open to relocation, yet if, before any valid relocation is made by others, or after the abandonment of a valid relocation, the original locator or his grantee resumes possession and does the necessary work his rights are revived under the original location.

*Assessment Work—When may be done through Adjoining Claim.*

Assessment work for a mining claim may be done on an adjoining claim where it is shown that it was intended for such claim and that the work done would inure to its benefit.[2]

*Evidence—Deed in Correction of Former Deed—When Admissible.*

In an action involving the title and right to possession of certain mining ground, a deed given by the original locator to plaintiff prior to the commencement of the action, for the purpose of correcting the description, is properly admitted as bearing on the rights of parties.

*New Trial—Newly Discovered Evidence as Ground for—What Elements Necessary.*

To entitle a party to a new trial on the ground of newly discovered evidence, it must appear,

1st. That he used reasonable diligence to discover and produce such evidence at the former trial and that his failure was not due to his own negligence.

2d. That it is not simply cumulative.

3d. That such evidence does not tend simply to impeach an adverse witness.

4th. That the evidence is material and would likely have produced a different result if introduced at the former trial.

5th. That the defeated party had no opportunity to make the defense, or was prevented from so doing by unavoidable accident or the fraud or improper conduct of the other party.

[1] *Clawson* v. *Wallace,* 16 Utah, 300.

[2] *Wilson* v. *Triumph Mining Co.*, 19 Utah, 66.

*Equity Case—Findings of Trial Court—When not Disturbed.*
   In an equity case when the testimony is conflicting this court
      will not disturb the findings of the trial court unless so
      manifestly erroneous as to demonstrate some oversight or
      mistake affecting the substantial rights of appellant.[1]

(Decided June 16, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action by plaintiff against defendant in support of a protest and adverse claim, asking that his title to certain mining ground be quieted and praying for an injunction. From a judgment and decree for plaintiff defendant appeals. *Affirmed.*

*Frank Hoffman, Esq.*, for appellant.

The valid location of a mining claim withdraws the premises from the public domain as much as if the fee is by valid grant from the government of the United States under the authority of law; and any entry thereon while such location is in existence is void. *Belk* v. *Meagher*, 104th U. S. p. 279.

The right to the possession of a mining claim is derived only from a valid location; consequently if there be no location, there can be no possession under it.

*Garfield M. & M. Company* v. *Hammer*, 6 Mont. 53, affirmed in 130 U. S. 291.

Right of possession comes only from a valid location. *McKinstry* v. *Clark & Cameron*, 4 Mont. 371.

The right to the possession of a mining claim comes only from a valid location; if there is no location, there can be no possession under it. *Sweet* v. *Webber*, 7 Colo. 443.

---

[1] *McKay* v. *Farr*, 15 Utah, 261; *Watson* v. *Mayberry*, 15 Utah, 265

There is a broad distinction between the forfeiture of a mining claim and the abandonment of the same. "Forfeiture is not complete, until some one else enters with intent to re-locate the property." Lindley on Mines, Sec. 643; *Little Gunnel Mining Co.* v. *Kimber*, 1st Morrison Mining Reports, 536 to 539; *Lakin* v. *Sierra Buttes Co.*, 25 Fed. Rep. 337, 343.

Lapse of time, absence from the ground, or failure to work it for any definite period unaccompanied by other circumstances, are not evidence of abandonment. Lindley on Mines, Sec. 644, and authorities there cited; *Mallet* v. *Uncle Sam Mining Co.*, 1 Nevada. 157; Wade American Mining Law, Sec. 33; *Garfield Mining Co.* v. *Hammer*, before cited.

The additional conclusion of law, was in direct accordance to all the evidence. The court had the right to make these findings and should have done so. See *Hays* v. *Lavagnino*, 53 Pac. 1029.

*George L. Nye, Esq.*, for respondent.

Under all the authorities, the failure to mark the claim rendered the location *absolutely void*. See *Anthony* v. *Jillson*, 83 Cal. 296; See also, *Jupiter Co.* v. *Bodie Co.*, 11 Fed. Rep. 666–667; 4 Mining Reports, 412; 78 Cal. 593–596.

If the work is resumed on a claim after it has been open to relocation but before relocation has actually been made, the rights of the original locator stand as if there had been no failure. *McGinnis* v. *Egbert*, 8 Colo. 41–50; *North Noonday Co.* v. *Orient Co.*, 6 Saw. 299; *Belk* v. *Meagher*, 104 U. S. 283; *Jupiter Mining Co.* v. *Bodie Mining Co.*, 7 Saw. 96; 11 Fed. Rep. 666.

The work done upon the ground adjoining to and tend-

ing to develop the mine is work done upon the claim within the true meaning of the law requiring annual labor, see: *Mt. Diablo Co.* v. *Callison,* 9 Mining Reports, 616; *Jupiter Co.* v. *Bodie,* 11 Fed. 666; *Bradley* v. *Law,* 38. Cal. 362; *Dennon* v. *Morrison,* ·83 Cal. 163.

When the evidence only tends to discredit or impeach an opposing witness it will not avail as a ground for a new trial. *Lee* v. *Birmingham,* 18 Pac. 218 (Kansas); *Stoakes* v. *Monroe,* 36 Cal. 383; *Martin* v. *Ehrenfels,* 24 Ill. 187; *Grady* v. *The People,* 125 Ill. 122; *Brown* v. *Grove,* 116 Ind. 84.

Findings of fact by the trial court will not be set aside unless so manifestly against the clear preponderance of the evidence or so erroneous as to demonstrate some oversight or mistake. See *Hanneman* v. *Karrick,* 9 Utah, 236–239. (Affirmed by the Supreme Court of the United States.) *Dooley Block* v. *Rapid Transit Co.,* 9 Utah, 31; *Whitesides* v. *Green,* 13 Utah, 341; *Henderson* v. *Adams,* 15 Utah, 30; *Watson* v. *Mayberry,* 15 Utah, 265, 266, Syllabus; *Blish* v. *McCornick,* 15 Utah, 188; *McKay* v. *Farr,* 15 Utah, 261.

### STATEMENT OF FACTS.

This is an action brought by the plaintiff who claims to be the owner of the Jupiter lode mining claim, against the defendant, who claims to be the owner of the Juniper lode mining claim and to own plaintiff's title to the Jupiter by re-location. Plaintiff asks to have his title quieted and confirmed and for injunction. After a hearing on the merits, the court made its findings of fact and conclusions of law, which so far as material are as follows:

2. That on the 14th day of May, 1881, the Jupiter lode mining claim, in the West Mountain Mining District, Salt

20 Utah—4.

Lake County, Utah, was located by Thomas E. Jones and Joseph Householder; that on the 23d day of April, 1883, Joseph Householder conveyed his one-half interest in the Jupiter claim to J. D. Lamb; that in 1885, Thomas E. Jones, through his attorney in fact, John Strickley, conveyed his one-half interest to plaintiff and one Herrick; that in 1889, plaintiff duly advertised out the interests of J. D. Lamb and said Herrick in said claim, for their failure to do their share of the assessment work on said claim in previous years.

3. That in 1881 and 1882, Thomas E. Jones, and Joseph Householder did some work upon the Jupiter claim.

5. That notice of location of said Jupiter claim was posted on the ground at the time of location of said claim, and that said claim was at the same time duly staked at the corners so that boundaries of said claim could be readily traced; that said stakes were standing in 1885, when this plaintiff acquired his first interest in said claim, and have been substantially maintained by this plaintiff from that date down to the present time.

6. That this plaintiff went into possession of all of said Jupiter lode mining claim on the 14th day of August, 1885, and that since said date this plaintiff Klopenstine, has done work upon said claim sufficient in value to satisfy the statutes and rules of the mining district where the claim is situated, being at least one hundred ($100) dollars worth of work for said claim in each year from 1885, down to the present time.

7. That in 1883, Joseph Householder, at the request of Thomas E. Jones, located a claim called the Juniper, under which location the defendant in this action now claims, which said location overlaps and conflicts with the Jupiter claim; that no work was done on said Juniper claim until 1885, when some work was done by House-

holder; that from 1885 until 1892, no work was done on the Juniper claim.

And as conclusions of law, the court finds:

First: That the location of the Jupiter claim in 1881, was a valid and perfect location, made in accordance with the statutes of the United States, and the then Territory of Utah, and the rules of West Mountain Mining District.

Second: That the Juniper location was never validated.

Third: That this plaintiff resumed work on said Jupiter claim after its location and before any other rights had intervened, in the month of August, 1885.

Fourth: That this plaintiff has maintained his possession of said claim ever since and has complied with the laws in respect to annual work.

Fifth: That this plaintiff is entitled to the ground covered by the Jupiter location, and is entitled to enter and patent the same."

After stating the facts, MINER, J., delivered the opinion of the court.

Subsequent to the signing and filing of the findings of fact, conclusions of law, decree and judgmeut, appellant made a motion for additional findings of fact, and alleges error on the refusal of the court to grant his motion.

We find no error in this refusal. The motion was not made until after the findings were filed and judgment entered.

In *Clawson* v. *Wallace*, 16 Utah 300, it was held not good practice after findings and judgment, for the court to supplement such findings and file additional findings at the request of either party while the judgment is allowed to stand.

In equity cases the appeal comes here upon both questions of law and fact, and it is made our duty to review both questions, when properly presented.

It appears that on December 10, 1883, after Jones and Householder had located the Jupiter in 1881, without doing all the assessment work for the years 1882 and 1883, that Joseph Householder at the request of Jones, located or re-located the Juniper on the same ground and original lode covered by the Jupiter, for the alleged reason that the ground had been abandoned. The notice states that a re-location was made. The court found, and the testimony shows that this location overlaps and conflicts with the Jupiter. No work was done on the Juniper after its location in 1883 until 1885, when Householder did a little work in cleaning out an old shaft, but not sufficient to cover the assessment work required by law, and from 1885 to 1892, very little, if any work was done on the Juniper. We are unable to find evidence that the Juniper was staked at the time of its location or re-location; nor was there any marking of the location on the ground so that its boundaries could be readily traced; but stakes were set some time after 1885, but before this action was brought.

It appears from the testimony that when the Jupiter was located its location was marked upon the ground so that its boundaries could be readily traced. The claim was staked on the day of its location on May 14, 1881, and at the same time monuments of rock were erected and notice of discovery was posted thereon. The witness said: I put up the discovery stake, and one on each corner, making in all five stakes. I located the Jupiter and staked it on the day of location, and put up monuments of rock and a notice at the discovery.

In August, 1885, plaintiff took possession of the Jupiter.

At this time the corner stakes were up, and have since then been maintained by the plaintiff. Plaintiff performed $200 worth of work on the Jupiter in 1885. Assessment work was performed on the Jupiter from 1885 to 1897 inclusive by the plaintiff. The work was done upon the Venus, an adjoining claim to the Jupiter, through the tunnels on the Venus, for the development of both claims. The Jupiter and Venus were claims held in common. Notice that the work was being done upon the claims was posted thereon each year. These notices were to the effect that the work was being done upon the Venus for the development of the Jupiter and Venus claims.

The Jupiter claim was located in April, 1881. The time for the first annual work thereon expired on the 31st day of December, 1882. Sufficient work not having been performed the claim was then open to a valid location, but no rights could be acquired therein by an invalid location. The Juniper location was made to overlap the Jupiter December 10, 1883, and conflicted therewith, but, as we have seen, no stakes were then set or assessment labor performed thereon, and the location was not marked on the ground as required by the statute. It follows that the Juniper location was invalid; and, even if valid, it was abandoned and forfeited by its locators between the day of its location and August, 1885, when plaintiff took possession of the Jupiter under his location and performed the assessment work thereon from thence hitherto.

Plaintiff having gone into possession of the Jupiter in August, 1885, as grantee of the locator, performed assessment work thereon to the time of the commencement of this suit, and the claim having been originally located in accordance with law, in a regular and valid manner, and no substantial and intervening rights, prior to his entry thereon, having accrued, or if any such rights had accrued

the same having been abandoned by failure of the locators to do the assessment work as provided by law, the performance of the assessment work by the plaintiff in the interests of the original location, revives his right thereto, even if all the assessment work had not been done thereon prior to his entry, and the fact of such intermediate re-location of the Juniper by the defendant, or his grantors, under the circumstances shown cannot aid the defendant.

In *Justice Mining Co.* v. *Barclay*, 82 Fed. Rep. 554, it is held that, "Although the owner of a location has failed to do the necessary assessment work, so that the ground is subject to a re-location, yet if, before any valid re-location by others, he performs the amount of the assessment work required by the statute, then his rights are revived, and a subsequent re-location is invalid." And "Where re-locations have been made after the owner of the original location has failed beyond the statutory time to do the necessary assessment work, but such re-locations are afterwards abandoned, and thereafter the owner of the original location performs assessment work which revives his rights, the fact of such intermediate relocations cannot aid one who subsequently attempts to re-locate the same ground."

As to work performed on adjoining claims the same case holds that, "Assessment work done upon a number of adjoining claims, to the amount required to be done on all of them for the year, is sufficient to hold all of them, if it be clearly shown that it was intended as the annual assessment work upon all the claims, and that it was of such a character that it would inure to their benefit." *Wilson* v. *Triumph Min. Co.*, 19 Utah, 66, 56 P. R., 300.

The record also shows that in October, 1897, Jones gave a deed of the Jupiter to the plaintiff in correction of a deed made by Jones to the plaintiff in 1885, wherein the

Jupiter lode was intended to be conveyed, but the claim was erroneously described as the Juniper. An exception was taken to the introduction of this deed in evidence, but we are of the opinion that it was properly admitted, as it had a direct bearing upon the rights of the parties, and was obtained before the action was commenced. It was shown that Jones owned and intended to convey the Jupiter claim to the plaintiff in 1885.

The appellant contends that the court erred in refusing to grant a new trial based upon the affidavit of one Lamb because of newly discovered evidence. The facts presented in this affidavit, if true, would tend to impeach and contradict the testimony of the plaintiff. In some respects the testimony is cumulative, and no reason is shown why with reasonable diligence the witness Lamb could not have been produced at the trial. It is well settled that to entitle a defeated party to a new trial on the ground of newly discovered evidence it must appear, 1st, That he used reasonable diligence to discover and produce at the former trial the newly discovered evidence, and that his failure to do so was not the result of his own negligence. 2d, That the newly discovered evidence is not simply cumulative. 3d, That such evidence is not sufficient if it simply be to impeach an adverse witness. 4th, It must be material to the issues and so important as to satisfy the court by reasonable inference that the verdict or judgment would have been different had the newly discovered evidence been introduced on the former trial. 5th, That the defeated party had no opportunity to make the defense, or was prevented from doing so by unavoidable accident, or the fraud or improper conduct of the other party without fault on his part. *Stokes* v. *Monroe*, 36 Cal. 383; *Miller* v. *Morse*, 23 Mich. 365; *Gray* v. *Barton*, 62 Mich. 186; *Grady* v. *People*, 125 Ill. 122.

We find no error in the refusal of the court to grant a new trial on the ground of newly discovered evidence.

The appellant also contends that he was prejudiced by the introduction of certain evidence over his objection. We have carefully examined all the several allegations of error as affecting the case, but discover no error in the admission of such evidence.

This was an equity case. It was regularly tried in the district court, and the facts were found on all material issues. Under such circumstances this court will not disturb such findings unless they are found to be so manifestly erroneous as to demonstrate some oversight or mistake on the part of the court which materially affects the substantial rights of the appellant. *McKay* v. *Farr*, 15 Utah, 261; *Watson* v. *Mayberry*, 15 Id. 265.

The findings are supported by the evidence. We find no reversible error in the record. The judgment of the district court is affirmed, with costs.

BARTCH, C. J., and BASKIN, J., concur.