OLE LARSEN, ET AL., APPELLANTS, *v.* CHARLES ONESITE, RESPONDENT.

CAUSE TRIED TO COURT — FINDINGS TAKE PLACE OF VERDICT — WHEN FINDINGS NOT DISTURBED. NEW TRIAL — NEWLY DISCOVERED EVIDENCE — CUMULATIVE EVIDENCE — NOT SUFFICIENT — DISPUTE OVER BOUNDARY LINE—TITLE BY PRESCRIPTION.

1. *Cause Tried to Court — Findings Take Place of Verdict — When Findings Not Disturbed.*

In a cause tried to the court the findings subject to revision by this court stand in the place of the verdict of a jury, and where the testimony was contradictory and conflicting, but it appears there was testimony to sustain and justify the findings, the appellate court will not disturb the findings and judgment unless they are so manifestly erroneous as to clearly demonstrate some oversight or mistake on the part of the trial court, which materially affected the substantial rights of appellants.[1]

2. *New Trial — Newly Discovered Evidence — Cumulative Evidence — Not Sufficient.*

Where it appears that newly discovered evidence, upon which a new trial is asked, is merely cumulative, and that if it had been produced at the trial, the findings of the trial court would not necessarily have been different from what they were, a new trial is properly denied.[2]

3. *Dispute Over Boundary Line — Occupancy for 20 years.*

Where adjoining owners and their predecessors in title occupy land to a given line, and treat such line as a boundary between their respective lots for 20 years, neither can thereafter claim beyond such line.

---

[1] *Klopenstine* v. *Hays*, 20 Utah, 45; 57 Pac., 712; *McKay* v. *Farr*, 15 Utah, 261; *Dwyer* v. *Salt Lake City*, 14 Utah, 339; *Short* v. *Pierce*, 11 Utah, 29; *Whitesides* v. *Green*, 13 Utah. 341; *Hanneman* v. *Karrick*, 9 Utah, 236.

[2] *Klopenstine* v. *Hays, supra.*

4. *Title by Prescription.*

Where a party relies upon his title, as obtained by prescription, he must allege the facts showing the existence of the right, or plead the prescriptive right, averring that the existence of the right was under a claim of right, was peaceable, without interruption, and open, notorious, and exclusive.

(Decided November 29, 1899.  Petition for rehearing denied Jan. 26, 1900.)

Appeal from Third District Court, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action in ejectment for a certain specific strip of land. Answer and cross-complaint by defendant setting up adverse possession.  From a judgment for defendant, plaintiff appealed.   *Affirmed.*

*Messrs. Goodwin & Van Pelt,* for appellants.

Payment of taxes on a tract of land by its lot and block description, as in this case, only pays the taxes on the lot according to its true boundaries when ascertained, and is not a compliance with the statute regulating adverse claims requiring payment of the taxes upon the tract claimed.    Jones Real Property, Secs. 354–56; *Mc Donald* v. *Drew*, 32 Pac. (Cal.), 173.

If the fence was established for convenience, and the parties have continued to claim according to the true line, neither acquired a title or even a right of possession against the other by reason of the fence.   Am. & Eng. Ency. of Law, 1st ed., Vol. 1, p. 249; *Burrill* v. *Burrill*, 11 Mass., 294; *White* v. *Ward*, 14 S. E., 22 ( W. Va.); *Switzgable* v. *Worseldine*, 15 Pac., 144 (Utah).

Occupancy to a fence; authorities reviewed.   Book 21, L. C. P. Co. 829, note.

*A. V. Taylor, Esq.*, for respondent.

Silent acquiescence of fence 16 years establishes it as true line. *Burns v. Fitch*, 76 Cal., 395; 75 Cal., 610; 66 Cal., 223; *Shields v. Roberts*, 64 Ga., 370.

Two adjacent owners establishing a division line and claim, and occupying up to division line for statutory period, such line stands. *Brown v. Leete*, 6 Sawy. (U. S.), 322; *Sherman v. Kane*, 87 N. Y., 57 *et seq.*; *Brown v. Anderson*, 90 Ind., 94; *Grim v. Murphy*, 110 Ill., 271; *Schneider v. Botsch*, 90 Ill., 577; *Sherman v. Kane*, 86 N. Y., 57; *Halloran v. Halloran*, 149 Mass., 298; *Yitzer v. Thoman*, 17 Ohio, 130.

It was a boundary consented to by all for nineteen years and more, and they are estopped from claiming any other. *Switzgable v. Worseldine*, 5 Utah, 315; *Columbit v. Pacheco*, 48 Cal., 395; *Greene v. Smith*, 52 Vt., 266.

"Monuments and facts prevail over maps and courses."

MINER, J.

This action in ejectment was commenced in April, 1896. The complaint alleges that the plaintiffs have been the owners and in possession of lot 1, block 17, Five Acre Plat "A" Big Field Survey, since March 5th, 1879, and that defendant has been the owner and in possession of lot 20, in the same block, since July 7, 1884.

Plaintiffs claim that the defendant wrongfully entered upon and withheld from plaintiffs a strip of land on the north line of said lot 1, in the northeast corner thereof, running to the east line of the Jordan canal right of way, being about four feet wide and seventy feet long. Lot 20 adjoins lot 1 on the north.

The answer and cross-complaint denies that said strip is a part of lot 1, and alleges that not only said strip, but an

additional four feet, was a part of lot 20. The cross-complaint also alleges continuous adverse possession of the strip for ten years.

Among other facts, the court found that the defendant and his predecessors in title, have been in the actual and continuous possession of the land in dispute for more than twenty-five years past, and during that period has occupied, cultivated, and used the same adversely to all the world, and to the plaintiffs; that such occupation was with the knowledge and consent of the plaintiffs; that the land is a part of lot 20, and that defendant is the owner and entitled to the possession of the same, and thereafter rendered judgment in favor of the defendant.

The plaintiffs appeal from the judgment, and claim that the findings of fact and decision of the court were not supported by the evidence; that the court erred in rejecting testimony, and because of newly discovered evidence a new trial should have been granted.

This contention arose over a dispute as to the location of the north line of lot 1, and the questions arising under the allegation of the answer and proof wherein it is claimed that the appellants have been in the peaceable and continuous possession of the land for twenty-five years.

It appears from the testimony that for upwards of twenty years prior to the trial, while a Mr. Young owned lot 20, a ditch had been built along the north line of lot 1 and the south line of lot 20, and a brush fence had been constructed along the ditch; that Young occupied and used the land north of the fence and ditch, and the owners of lot 1 occupied and used up to the south line, and no dispute arose concerning the line. About eleven or twelve years prior to the trial, plaintiff constructed a board fence along the ditch in about the same place where the old fence had stood, without objection, and by the agreement

of the defendant, and thereafter both parties occupied and used the land to the ditch and fence, and while the exact line was not known, this was treated as the line by the parties until two years prior to the trial, at which time plaintiffs procured a survey to be made and the line was located by the surveyor about four feet north of the old fence. Plaintiffs then tore down the old fence, and erected one at the point selected by the surveyor. Thereafter defendant tore down the last fence so erected, and replaced it by one on the old line where the old fence and ditch were located.

A surveyor called by the defendant located the north line of lot 1 just south of the old fence and ditch. Testimony was offered by the plaintiffs tending to contradict the existence of the ditch or the brush fence. It also appears that if the old fence formed the boundary line between the lots each party would still retain their full lot.

Plaintiff's wife testified, among other things, that when Mr. Young lived on lot 20, many years prior, there was a ditch running down between the two pieces of land, which Young used for watering the land, and that it was the dividing line between the two pieces of land, as near as the parties could guess it; that she cut lucerne up to the ditch, and that the owner of lot 20 also cut lucerne up to the ditch.

Testimony was also offered tending to show that the land in question was a part of lot 20. From the whole testimony it appears to us that the land in question is a part of lot 20, and as such has been owned and occupied by the defendant adversely to the plaintiffs for more than seven years prior to the commencement of this suit, with the knowledge and concurrence of the plaintiffs. While the testimony was conflicting and contradictory, it was sufficient to justify the judgment.

The allegations in the answer and cross-complaint were not sufficient to permit the defense, on the part of the defendant, that the title to said land was acquired by prescription, and the findings on that subject may be disregarded. Where a party relies upon his title, as obtained by prescription, he must allege the facts showing the existence of the right, or plead the prescriptive right, averring that the existence of the right was under a claim of right, was peaceable, without interruption, and open, notorious, and exclusive.

The other findings of the court were sufficient to support the judgment. *Mc Master* v. *Morse*, 18 Utah, 21.

The trial court had the advantage of seeing the witnesses, of hearing their testimony, and observing their demeanor on the witness stand, and was therefore better qualified to judge of their candor and truthfulness, than those not placed in the same position. Under such circumstances this court will not disturb the findings and judgment unless they are found to be so manifestly erroneous as to clearly demonstrate some oversight or mistake on the part of the trial court, which materially affected the substantial rights of the appellants. In such a case the findings of a court will stand in the place of the verdict of a jury, except that they are subject to revision by this court. This has been the universal holding of this court. *Klopenstine* v. *Hays*, 57 Pac., 712; 20 Utah, 45; *Mc Kay* v. *Farr*, 15 Utah, 261; *Dwyer* v. *Salt Lake City*, 14 Utah, 339; *Short* v. *Pierce*, 11 Utah, 29; *Whitesides* v. *Green*, 13 Utah, 341; *Hannaman* v. *Karrick*, 9 Utah, 236.

The appellants also contend that the court erred in overruling their motion for a new trial. To support this motion affidavits were filed tending to show surprise on the trial, of the plaintiffs, and that no ditch or brush fence existed on the north line of lot 1, prior to that con-

structed 12 years prior to the trial. The defendant filed counteraffidavits upon the same subject.

The testimony offered was cumulative in its character. Mrs. Larsen made the affidavit concerning the newly discovered evidence, and gave testimony on the subject of the ditch on the boundary line, and the use of the land by her to that ditch. Had reasonable diligence been used it is probable that the testimony of the newly discovered witnesses could have been procured on the trial. If produced, it would not necessarily follow that the findings of the trial court would have been different from what they were. *Klopenstine* v. *Hays*, 57 Pac., 712; 20 Utah, 45, and cases cited.

In striking out the testimony of Robbins, and overruling plaintiff's question to witness Hardy, the court committed no error. Upon the whole record we find no error.

The findings and judgment of the district court are affirmed, with costs.

BARTCH, C. J., and BASKIN, J., concur.