JOHN HARTER and ELIZABETH HARTER, Respondents, v. P. A. SORENSEN, Appellant.

No. 1308.    (67 Pac. 1062.)

Appeal: Review of Facts in Equity Case: Conflicting Evidence.

The trial court in an equity case, having seen the witnesses and heard their testimony, is better able to judge of their truthfulness and credibility; and though the Supreme Court has power, under Constitution, article 8, section 9, to review the facts in such a case, its judgment will not be disturbed if the evidence, though conflicting, is amply sufficient to support findings justifying the decree.[1]

(Decided March 7, 1902.)

Appeal from the Third District Court, Salt Lake County.—
Hon. Ogden Hiles, Judge.

Action to set aside a deed to certain premises. From a judgment in favor of the plaintiffs, the defendant appealed.

AFFIRMED.

S. P. Armstrong, Esq., for appellant.

This is an equitable action, and under section 9, article 8 of the Constitution, the appellate court has the same power as the trial court to examine anew all questions of fact in-

[1] Sidney Stevens Implement Co. v. South Ogden Land, Bld'g & Imp. Co., 20 Utah 267, 280; 58 Pac. 843, 846; McKay v. Farr, 15 Utah 264; 49 Pac. 649; McCornick v. Mangum, 20 Utah 17; 57 Pac. 428, 429; Larson v. Onesite, 21 Utah 38; 59 Pac. 234;; Wilson v. Cunningham, 24 Utah 167; 67 Pac. 118.

volved—to weigh the evidence.    In fact it is the duty of the appellate court to do so.

This evidence is certainly conclusive that they were not incapacitated by intoxication.    A man can not voluntarily become "slightly" or "partially" intoxicated, and afterward be heard, on that ground, to repudiate a contract which he made while in such condition.    Courts are unwilling to assist an intoxicated party to get rid of his agreement.    Willcox v. Jackson, 51 Iowa 210; Hall v. Moreman, 3 McCord (S. Car.) 477; 1 Story Eq. Jur., sec. 231, p. 245.

To avoid a contract, the drunkenness must be so excessive as utterly to deprive the party of his reason and understanding, and to render him incapable of knowing the effect of what he was doing.    Taylor v. Purcell, 60 Ark. 606-10; Caulkins v. Fry, 35 Conn. 170-1; Shackleton v. Sebree, 86 Ill. 616-9; Loftus v. Maloney, 89 Va. 576-90; Wilcox v. Jackson, 51 Iowa 208-10; Duker v. Franz, 7 Bush. (Ky.) 273; Johns v. Fritchey, 39 Md. 258-66; Reynolds v. Dechaums, 76 Am. Dec. 101-2; 1 Story Eq. Jur., sec. 231.

The law fixes no particular standard of intelligence necessary to enable a person to contract.    Harvey v. Chase, 52 Maine 304.

If he is not *non compos mentis*, it is sufficient.    Harvey v. Chase, 52 Maine 314-7.

There must be an essential privation of the reasoning faculties, or an incapacity of understanding and acting with discretion in the ordinary affairs of life, to render a man of unsound mind.    Raymond v. Wathen, 142 Ind. 367-374.

Mere weakness or feebleness of mind, not amounting to inability to comprehend the contract, when unaccompanied by imposition or undue influence, furnishes no ground for the overthrow of the contract.    Annen v. Stoutt, 42 Pa. St. 114-123; Buchey v. Buchey, 38 W. Va. 168; Wilkinson v. Shernan, 45 N. J. Eq. 413-21; Wright v. Jackson, 59 Wis. 569;

Cain v. Warford, 33 Md. 23-9; Maddox v. Simons, 31 Ga. 12-28; Fornam v. Boston, 9 Pick. 212-222.

*Frank Hoffman, Esq.*, for respondents.

BASKIN, J.—This is an action to set aside a deed to the premises described in the complaint, executed by the plaintiffs to the defendant, who is the appellant. It is alleged in the complaint "that said premises were and are used and occupied by plaintiffs as a home; that the plaintiffs are old, infirm, and feeble in both mind and body, the plantiff John Harter being eighty years of age, and the plaintiff Elizabeth Harter being seventy-five years of age; that neither of said plaintiffs are able to read writing, and are incompetent to attend to business matters; that neither of these plaintiffs, at the time of the alleged signing of said deed, had any knowledge or information that they were signing or executing a deed conveying their home, and were informed by the defendant that the signing of the deed or paper was a mere matter of form, and conveyed nothing; that plaintiffs relied on these representations when they signed the same; that, in addition to the age and feebleness of the plaintiffs, they were each slightly under the influence of liquor." The answer admits that said premises were and are used by plaintiffs as a home, and that they are old, but that defendant is not informed as to their age, and admits the execution and delivery of the deed to said premises, and denies all the other allegations of the complaint hereinbefore quoted, except as above admitted. The following findings of fact were made in the court below: "Third. That the actual amount of money received by plaintiffs and paid by defendant was the sum of $30, and no more. Fourth. That at the time of the making and the execution of said deed the plaintiffs in this action, the parties of the first part to said deed, were old and feeble in mind and body, and partially intoxicated, and unable to

understand or transact ordinary business, and were incapacitated for transacting this business. Fifth. That on the same date of the signing and executing of said deed an agreement was executed by all of the parties to this action, and duly filed and recorded, the conditions of which said agreement were claimed by defendant to be in full satisfaction of the purchase price mentioned in the deed. Sixth. That the considerations named in said agreement were not adequate for the consideration of the purchase price of the property conveyed in the deed, and were not a sufficient consideration. Seventh. The plaintiffs in this action were not sufficiently advised of the terms and conditions of said agreement to enable them to understand the purport of the same, or to enable them to understand the consideration that they were receiving for the deed of conveyance they executed, and were deceived by the agent of the defendant who procured their signature to the same." As conclusions of law, the court found that the deed "is illegal and void," and decreed that the same be set aside and canceled. The substance of the errors assigned is that the evidence is insufficient to justify the decree, and that each of the foregoing findings of fact is not justified by the evidence. The evidence is amply sufficient to sustain the fourth and seventh findings of fact, and these findings alone justify the decree.

The plaintiffs testified in the case, and, being before the trial court, it had a better opportunity to judge of whether they were incapacitated to bind themselves by the deed than the appellate court. While the evidence in respect to the other findings is more conflicting, there was evidence to support them, and the conflict in the evidence was substantial. In the case of Sidney Stevens Implement Co. v. South Ogden Land, Bldg. & Imp. Co., 20 Utah 267, 280, 58 Pac. 843, 846, we held that "the trial judge, having the witnesses before him, can observe their deportment upon the stand, and is therefore in a better position to judge of their credibility and

the weight of the evidence than are the judges of the appellate court. For this reason, although the Supreme Court 'has power under section 9, article 8, of the Constitution to review facts in an equity case' (McKay v. Farr, 15 Utah 261, 49 Pac. 649), still, unless the evidence is clearly insufficient to sustain the findings, they will not be disturbed by the appellate court. Such a practice in appellate courts, in chancery cases, is well established."

In the opinion delivered by Bartch, C. J., in McCornick v. Mangum, 20 Utah 17, 19, 20, 57 Pac. 428, it is said: "As to these contentions there is a substantial conflict in the evidence. Upon conflicting testimony, the trial court, having had an opportunity to observe the bearing of the witnesses on the stand, their manner of testifying, and the apparent frankness and candor with which they made their statements, found all the material issues in favor of respondent, and it is not shown that there was any oversight or mistake of the court in making the findings and decree. We have repeatedly held that under such circumstances we will not disturb the judgment." Larson v. Onesite, 21 Utah 38, 43, 59 Pac. 234; Wilson v. Cunningham, 24 Utah 167, 181, 67 Pac. 118-122. In the latter case, recently decided by this court, it is said in the opinion delivered by Miner, C. J.: "There is some conflict in the testimony in this case, but even if the evidence were more evenly balanced the case would still come under the rule, frequently announced, that, in cases where the trial court saw the witnesses and heard their testimony, it is better able to judge of their truthfulness and credibility than is this court from reading the testimony. As has been frequently held, we have power, under the Constitution, to review questions of fact in equity cases. Still, when such cases have been regularly tried before a court of equity, and facts found on all material issues, this court will not disturb the findings, unless they are so manifestly erroneous as to demonstrate some oversight or mistake which necessarily affects the sub-

stantial rights of the appellant.   We do not wish to be under-
stood, however, that we are concluded by the findings of the
trial court.   We do not mean that we have abdicated our
supervision and control over facts in equity cases.   But when
there is a great or irreconcilable conflict in the testimony, or
it is evenly balanced, and the findings of the trial court are
sustained by the evidence, such findings will ordinarily be
sanctioned by our affirmance; but, when the testimony pre-
ponderates on one side or the other in such a way as to con-
vince this court that the court below has erred, its judgment
will be reversed.   McKay v. Farr, 15 Utah 261, 49 Pac. 649;
Klopenstine v. Hays, 20 Utah 56, 57 Pac. 712; Whitesides
v. Green, 13 Utah 341, 44 Pac. 1032, 57 Am. St. Rep. 740;
Bank v. Stapp (Ky.), 30 S. W. 1000; Benne v. Schnecko
(Mo.), 13 S. W. 82." These cases are decisive of the case
at bar.

It is ordered that the judgment be affirmed, with costs.
MINER, C. J., and BARTCH, J., concur.