MARY A. SHAFER, Appellant, v. GEORGE RUS-
SELL, Respondent.

### No. 1594.   (79 Pac. 559.)

1. **Sales: Replevin by Seller: Evidence.**
    It is within the discretion of the trial court to refuse to admit new evidence on redirect examination.

2. **Same.**
    The exercise of the trial court's discretion in refusng to admit new evidence on redirect examination will not be reviewed on appeal unless abuse appears.

3. **Same.**
    Where a witness had testified to a fact on her direct examination, it was no abuse of discretion to refuse to permit her to testify to the same thing on redirect examination.

4. **Same: Damages: Pleading.**
    Revised Statutes 1898, section 3165, provides that in replevin the jury may, in their verdict, assess the damages, if any are claimed in the answer, which defendant has sustained by reason of the taking or detention of the property; and, by section 2960, an answer must contain a statement of the facts constituting the ground of affirmative relief asked for. *Held* that, where a defendant in replevin desires damages for the taking or detention of the property, he must set up his claim by a statement of the facts, and a mere clause in the prayer for relief asking for damages is insufficient.

5. **Same: Instructions.**
    It is proper for the court, in instructing the jury, to assume the existence of those facts which are shown beyond controversy.

6. **Same: Agency: Ratification by Principal.**
Where one adopts a transaction in his behalf made by an agent, even though the agent exceeded his authority, the principal must adopt it in its entirety, and cannot adopt a part which has been beneficial, and repudiate the rest.

7. **Same: Instructions.**
In replevin for personal property delivered to defendant by plaintiff's agent, plaintiff claimed that the agent exceeded his authority, in that he delvered it without the price having been paid, and defendant relied on matters constituting a ratification by plaintiff. *Held*, that it was proper to refuse an instruction that the principal is not bound where the agent exceeds his authority.

8. **Same.**
An instruction that, where chattels are sold to a vendee on condition that the title shall not pass until full payment of the purchase price, all payments made prior to the vendee's default became forfeited to the vendor, was properly refused as an incorrect statement of the law.

(Decided February 11, 1905.)

Appeal from the Third District Court, Salt Lake County.—*Hon. T. D. Lewis*, Judge

Action by Mary Shafer against George Russell. From a judgment in favor of the defendant, the plaintiff appealed.

AFFIRMED.

*James D. Pardee, Esq.*, for appellant.

The first error complained of by appellant was upon the admission of evidence. The plaintiff was asked the direct question. ''What instructions did you give, Mr. Bell, with respect to putting Mrs. Loomis in possession?'' Which was objected to as being improper redirect examination and it not appearing to have been in the presence of Mrs. Loomis, and the court sustained the objection. The agent's authority for putting Mrs.

Loomis in possession was a fact in issue, or relevant to the issue, and it was proper to determine whether he had obeyed his authority or not with respect to establishing the fact of delivering the property to Mrs. Loomis.

In the case of Gestering v. Fisher, 46 Mo. App. 603, the court says: "In an action wherein a principal is sought to be held on a contract made for him by an agent, his instructions to the agent are always admissible as evidence of the extent of the agent's actual authority if the extent of the authority is in issue in the case." To the same effect are cases of Paul v. Brown, 58 N. H. 93; Bank v. Bank (C. C.), 3 Ohio Dec. 141; Brantly v. Life Ins. Co., 52 Ala. 554.

Where the power of an agent is not exhibited at the time of the contract, and does not form a part of it, the principal may introduce evidence to show that the agent was without authority to make the contract in question. Chaffe v. Stubbs, 38 L. A. 656-658; Bank v. Steamship Co., 95 Cal. 1; Thatcher v. Kancher, 2 Col. 698; Mininger v. Knox, 8 Minn. 110.

The authority of an agent may always be shown and be shown by parol evidence. Lyon v. Thompson, 16 Ia. 62; Snow v. Warner, 51 Mass. (10 Metc.) 132; Lunford v. Smith, 12 Gratt. 554; Dean v. Everett, 90 Ia. 242.

The court erred in refusing to strike out the testimony of the witness Bell relating to a chattel mortgage that he had asked Mrs. Loomis to sign a month after she had taken possession. It was shown by Bell's testimony that he had no authority to ask her to sign the mortgage. This testimony came out on cross-examination over the objection of the plaintiff, and it was moved by plaintiff that the same be stricken out. This testimony was prejudicial to the plaintiff, as it had a tendency to show a waiver of the conditions of the contract of sale. The evidence was not shown to be authorized by plaintiff, she knew nothing of it and the transaction took place long after the trade was made and Bell's au-

thority had ceased, it being outside the scope of his authority and not being empowered to do so specially, he had no implied power to do the act. Where an agent exceeds his authority conferred, his acts will not bind the principal. 1 Ency. of Law (2 Ed.), 986, note 3; King v. Levy, 13 So. Rep. 282; Towle v. Leavett, 23 N. H. 374; Reaney v. Culbertson, 21 Pa. St. 507; Soule v. Dougherty, 24 Vt. 92.

A broker has no implied authority to sell personal property, on credit, except when specially empowered to do so. 4 Ency. of Law (2 Ed.), 964, note 4; Wilshire v. Suit, 1 Campbell 258; Illinois v. Delafield, 8 Paige (N. Y.), 527; 1 Ency. of Law (2 Ed.), p. 1014; Burks v. Hubbard, 69 Ala. 379; Payne v. Potter, 9 Ia. 549; Graul v. Stetzel, 53 Ia. 715; School District v. Ins. Co., 62 Me. 330; Mfg. Co. v. Giran, 65 Mo. 92; Taylor v. Starkey, 59 N. H. 142.

Parties conversant with the value of real or personal property may, in connection with the facts, state their opinions of the value. Springfield & S. Rd. Co. v. Calkins, 98 Mo. 538; Nelles v. McCarn, 35 Barb. 115; Clarion Bank v. Jones, 88 U. S. 21 Wall., 325; Wright v. Quirk, 105 Mass. 44; Seyfarth v. Road Co., 52 Mo. 449; Palmer v. Smith, 56 Atl. 516; Cluck v. Road Co., 79 S. W. 80; Ramish v. Kirshbraun, 90 Cal. 581-582.

"In an action for damages an instruction which assumes that the plaintiff has proven damages is in effect a usurpation of the province of the jury by the court and necessarily prejudicial to the defendant, notwithstanding the fact that another portion of the charge tells the jury that they are the judges of the facts and the credibility of the witnesses." To the same effect are the cases of People v. Glassman, 12 Utah 238; Hawley v. Corey, 9 Utah 175; Haun v. Railway, 22 Utah 346; Wood v. Steinan, 9 So. Da. 110; Dennie v. Johnson, 8 N. Da. 153; Dean &c., v. Ross, 105 Cal. 227; Mabb v. Stewart, 133 Cal. 556-563.

It is erroneous for the court to assume in its instructions to the jury that a certain fact exists, although

it then submits to them the question of whether or not it does exist. Cahoon v. Marshall, 25 Cal. 197.

If the agent exceeds his authority conferred his acts will not bind the principal. 1 Ency. of Law (2 Ed.), 987; King v. Levey, 13 So. Rep. 282; Towle v. Leavett, 23 N. H. 374; Reaney v. Culbertson, 51 Pa. St. 507; Soule v. Dougherty, 24 Vt. 92.

Third parties dealing with an agent are put upon their guard by the fact and do so at their own risk and must ascertain the agent's authority. Bohart v. Oberne, 36 Kans. 284; Chaffe v. Stubbs, 37 La. 656; Chase v. Iron Works, 55 Mich. 139.

While the agency is a special and temporary one, the authority must be strictly pursued and the principal is not bound if the agent exceeds his authority. 1 Ency. of Law (2 Ed.), 993, note 1.

The court also erred in overruling plaintiff's motion for a new trial on the ground of excessive damages appearing to have been given under the influence of passion or prejudice, as shown by the statement of facts in this case and the evidence in the case. The only evidence on damages was the testimony of the defendant that he did not know anything about the rental value of the premises, and did not know what was the reasonable value of the use of the furniture, and did not know whether he was paying a reasonable amount of rent for the use of the premises unfurnished. The appellate court will set a judgment aside and grant a new trial on the question of excessive damages, where there is no legitimate proof in the record to sustain a judgment. Farrand v. Church, 17 Utah 469; Rohwer v. Chadwick, 7 Utah 385; Murray v. Railway, 16 Utah 356; Croco v. Railway, 18 Utah 311; Mangum v. M. Co., 15 Utah 534; Budd v. Railway, 23 Utah 515; Breager v. Railway, 24 Utah 391; Kennedy v. Railway, 18 Utah 325; Lowell v. Herald Co., 6 Utah 175; Anderson v. Railway, 23 Utah 265; Naylor v. City, 4 Utah 491.

*Messrs. Evans & Evans,* and *E. A. Walton, Esq.,* for respondents.

Counsel next complains of the giving of the seventh instruction. It is a matter of elementary law that if a person accepts a benefit of an unauthorized act made in his behalf, that he must, at the same time accept the burdens of the transaction. And he cannot adopt a part and repudiate a part. Mechem on Agency, 130; Bishop, Cont., 1110; Eberts v. Selover, 44 Mich. 519; Sackett on Instructions, 10, p. 65; Daniels v. Brodie, 11 L. R. A. 81.

The rule is well settled that where newly-discovered evidence is simply impeaching evidence it will not warrant a new trial. Stoakes v. Monroe, 36 Cal. 388; Klopenstine v. Hays, 20 Utah, 45. Or cumulative: Klopenstine v. Hays, supra; Larson v. Onesite, 21 Utah 38.

### STATEMENT OF FACTS.

The appellant, Mary A. Shafer owned furniture in a rooming house in Salt Lake City. She listed it for sale with Goddard & Savage, real estate agents of Salt Lake City, authorizing them to sell it for $1,750—$1,000 cash in hand, and $750 in deferred payments, payable $50 per month. They showed the property to a Mrs. Loomis, at Murray, Utah, but did not conclude a sale to her. Afterwards Alfred Bell, another real estate broker, with whom the property was also listed by Mrs. Shafer, talked with Mrs. Loomis. An exchange of property was considered between them. It was proposed to place Mrs. Shafer's property at a valuation of $1,750, and Mrs. Loomis was to trade for it furniture of her own at Murray at a valuation of $1,200; leaving a difference of $550 to be paid by Mrs. Loomis to Mrs. Shafer. Mrs. Shafer claims that the only authority she gave Bell was to close the transaction on the condition

28 Utah—29

that the difference was paid by Mrs. Loomis in cash. The negotiations were carried on through Bell. Mrs. Loomis stated in her testimony that she did not agree with Bell to pay the difference in money, but that she agreed to pay it in monthly installments of $50 each. On or about the 18th day of November, 1903, the Loomis property at Murray was delivered to Mrs. Shafer. A little later Mr. Bell placed Mrs. Loomis in possession of Mrs. Shafer's property in Salt Lake, the property in controversy. It appears that Mrs. Loomis owed $336 on her Murray furniture to a dealer in Salt Lake City, and Mrs. Shafer agreed, with the latter's consent, to assume $300 of it, and Mrs. Loomis was to pay that amount to Mrs. Shafer. About the time that Mrs. Loomis took possession of the Shafer property she paid this $300 to Mrs. Shafer. Nothing more was paid by Mrs. Loomis, and about January 20, 1904, Mrs. Loomis sold the property thus received from Mrs. Shafer to George Russell, the respondent in this case, giving him a chattel mortgage for $550 on other property of hers to secure him against loss in case of any defect being proven in her title to the property she had acquired from Mrs. Shafer. Mrs. Shafer claims that she never knew that Bell authorized Mrs. Loomis to pay the $550 in monthly installments, if he did so, nor that Mrs. Loomis claimed that such was her contract with Bell, until during the trial. The evidence shows that Mrs. Shafer knew that Mrs. Loomis was in possession of her Salt Lake City property at least three months before she brought this suit. She has not offered to return the property she obtained from Mrs. Loomis, valued at $1,-200, or to repay the $300 in money paid to her by Mrs. Loomis, but retains both. Mary A. Shafer, the appellant, made demand on January 19, 1904, for possession of the goods, which was refused by the defendant, and the next day began this action. The complaint is in the usual form of an action for claim and delivery of personal property. The answer denies that the plaintiff ever was in possession or entitled to possession of the

goods, and denies that the goods, or any of them, were ever the property of the plaintiff. The cause was tried before a jury, and a verdict rendered for the defendant for the return of the property, and finding its value at the beginning of the suit to be $1,750, and finding the damages for the taking and detention of the property to be $200. Judgment was rendered accordingly, and the plaintiff appeals.

RITCHIE, District Judge, after stating the facts as above, delivered the opinion of the court.

The first error complained of is that an objection was sustained to the question: ''What instructions did you give Mr. Bell with respect to putting Mrs. Loomis in possession?'' This question was asked on redirect examination of the plaintiff as a witness in her own behalf. It is always within the discretion of the court to refuse to admit new evidence on redirect examination, and the exercise of such discretion will not be reviewed except when an abuse of discretion is alleged. No such allegation is made. The plaintiff had already testified that she had told Mr. Bell, in the presence of Mrs. Loomis, not to give her title or possession of the property in question until the money was paid. So it will be a proper exercise of discretion to refuse to permit her to testify to the same facts on redirect examination.

The second error complained of is the refusal of the court to strike out the testimony of the witness Bell concerning his effort to get Mrs. Loomis to sign a chattel mortgage to Mrs. Shafer for $550. The question calling forth this statement was asked on cross-examination, and it was competent, in view of other facts in evidence, to be considered in determining the weight to be given to the testimony of the witness.

The third error assigned relates to the matter of damages found by the jury for the taking and detention of the property. We do not think the evidence sustains the finding in the verdict in that regard.

Another question arises which must necessarily be determined in order to direct whether or not further proceedings are necessary to dispose of the question of damages. It is claimed by the appellant that nothing can be recovered by the respondent by way of damages for the taking and detention of the property, because there is no pleading upon which to found such a recovery. If this is correct, the judgment of the district court in that regard must be reversed, and that will be the end of the matter. If the answer affords ground for such recovery, the evidence being insufficient to sustain the finding, the case, as to this question, must be reversed and sent back for a new trial on this issue **4** alone. Section 3165, Rev. St. 1898, provides, in this class of cases, that the jury, in their verdict "may at the same time assess the damages if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the taking or detention of such property." The answer in this case does not allege any damage that the defendant may have suffered, nor state the amount of such damage. It is entirely silent on the subject of damages, except that the prayer asks for the return of the goods, with damages for their taking and detention. It might seem that this was a sufficient compliance with the statutory provision above referred to, and might be deemed to be "claiming damages," but a clause in the prayer of a pleading which is itself not a statement of fact cannot be considered any part of the statement of a cause of action. A pleading, or a portion of a pleading, to be a foundation for affirmative relief, must contain "a statement of the facts constituting the cause of action," or, if in an answer, constituting the ground of the relief asked for. Rev. Stat. 1898, secs. 2960, 2968. We do not think that section 3165, above referred to, intends to vary the general rules of pleading in this regard. It evidently means that, when a party claiming the possession of personal property desires at the same time to claim in his complaint or answer damages

sustained by reason of the taking or detention of such property, he must set up such claim by a statement of the facts, and not by a mere clause in the prayer, such as the answer in this case contained.

The fourth error assigned is the giving of the fourth instruction to the jury, which contains the following statement: ''It appears from the evidence that plaintiff made a sale to Mrs. F. C. Loomis and son of the greater part of the goods in controversy, and delivered same to them.'' We think the contention of the respondent that it was proper for the court to assume the existence of admitted facts is sound. There can be no doubt that a sale was made and the goods delivered—questions being raised by assignments of error as to the nature and conditions of the sale—and there was no error in the court assuming what unquestionably appears from the evidence. We do not perceive any inconsistency between this instruction and the fifth.

The fifth assignment complains of an instruction to the effect that if a person adopts a transaction in his behalf made by an agent, even though the agent may have exceeded his authority in making it, he must adopt it in its entirety; he cannot adopt a part which is beneficial, and repudiate the rest. We think this is a correct view of the law, and that the following statement in the instruction is a correct application of the rule to the facts in the case, to-wit: ''If you believe that Mrs. Shafer accepted the property and money paid to Bell by Mrs. Loomis, then you must find, as a matter of law, that the acts of Bell in naming terms of sale to Mrs. Loomis, and the delivering of the property to her, if you find that Bell did name terms of sale to Mrs. Loomis and deliver the property to her, are the acts of Mrs. Shafer, and she is bound by them.''

The sixth error complained of is the refusal to give plaintiff's request No. 1, which reads as follows: ''The court instructs the jury that, if you find from the

evidence that Mrs. Loomis was dealing with the agent of the plaintiff, she so dealt at her peril, and she must observe that the act done by the agent is legally identical with the act authorized by the power; and one who deals with the agent is put upon inquiry as to the extent of the agent's authority, and, where the agency is a special one and temporary, the authority must be strictly pursued, and the principal is not bound if the agent exceeds his authority. A special agency is one that authorizes an agent to perform a particular transaction, as distinguished from an agency wherein the agent is empowered to perform the general business of his principal.'' This request was properly refused, because, if given, it would have excluded from the consideration of the jury the effect of matters alleged by the respondent to constitute a ratification by Mrs. Shafer of the acts of Bell in making the contract with Mrs. Loomis.

The seventh error relied upon is the refusal to give plaintiff's fifth request for an instruction to the jury which reads as follows: ''The court instructs the jury that, where the chattels are sold to a vendee on condition that the title to said property is not to pass to the vendee until the purchase price is fully paid, that all payments made, whether in property or money, prior to the default of the vendee, become forfeited to the vendor.'' We do not think this is a correct statement of the law, and the court properly refused to give it.

The next matter complained of is that the motion for a new trial was erroneously overruled, because the newly discovered evidence entitled the plaintiff to a new trial. The application on this ground is insufficient. Klopenstine v. Hays, 20 Utah 45, 57 Pac. 712; Larsen v. Onesite, 21 Utah 38, 59 Pac. 234.

The other assignments of error are insufficient to warrant setting aside the judgment of the trial court. They do not require separate discussion, as they are all

covered by the discussion of matters which have been already considered.

The judgment, modified by striking out the item of $200 for the taking and detention of the property, will be affirmed, and the district court will be directed to enter judgment for the sum of $1,750, with interest from that date, with costs, and for no more.

BARTCH, C. J., and McCARTY, J., concur.