GEORGE A. FUNK, RESPONDENT, *v.* ANDREW ANDERSON, JOHN ANDERSON AND MADS ANDERSON, APPELLANTS.

ACTION FOUNDED ON REAL PROPERTY—WHEN BARRED—SEC. 2860 R. S. 1898—LEGAL TITLE—PRESUMPTION OF POSSESSION—SEC. 2861 R. S. 1898—ADVERSE POSSESSION—TITLE NOT FOUNDED ON WRITTEN INSTRUMENT—SEC. 2864 R. S. 1898—POSSESSION AND OCCUPANCY—SEC. 2865 R. S. 1898—ESSENTIALS OF ADVERSE POSSESSION—SEC. 2866 R. S. 1898—PRESCRIPTIVE RIGHT—By ANALOGY—EASEMENT—BY PRESCRIPTION—WHEN ARISES.

*Action Founded on Real Property — When Barred — Sec. 2860 R. .S. 1898.*

An action or a defense founded on real property is barred by Sec. 2860 R. S. 1898, when there has been an adverse possession for a period of seven years prior to the committing of the act concerning which the controversy arose.

*Legal Title—Presumption of Possession—Sec. 2861 R. S. 1898.*

Under Sec. 2861 R. S. 1898 the presumption is that one holding the legal title has been possessed of the land within the time required by law unless it appears that the property was held and possessed adversely to him for seven years.

*Adverse Possession—Titles Not Founded on Written Instrument—Sec. 2864 R. S. 1898.*

Sec. 2864 R. S. 1898 declares when and under what circumstances the possession of real estate under claim of title not founded upon a written instrument, judgment or decree, shall be deemed to have been held adversely.

*Possession and Occupancy—Sec. 2865 R. S. 1898—Essentials of Adverse Possession—Sec. 2866 R. S. 1898.*

Sec. 2865 R. S. 1898 declares what constitutes possession and occupancy and Sec. 2866 R. S. 1898 provides that to make complete adverse possession the party claiming it must have paid all taxes during the period.

*Prescriptive Right—By Analogy.*

A prescriptive right can only arise by analogy to the statute when the facts attending the use and enjoyment are such as the statute requires.

*Easement—By Prescription—When Arises.*

A prescriptive right to an easement can only arise after use and enjoyment for a period of twenty years.[1]

( Decided July 9, 1900.)

Appeal from the Seventh District Court San Pete county. Hon. Jacob Johnson, *Judge.*

Action for damages for trespass and for an injunction preventing further trespass upon plaintiff's land. Defendants justified claiming a prescriptive right of way over plaintiff's land. From a judgment and decree in favor of plaintiff defendants appealed. *Affirmed.*

*Messrs. Livingston & Christenson,* for appellants.

The only question in this case, is as to the length of time necessary to mature a prescriptive right. The plaintiff, sustained by the lower court, insists that twenty

---

[1] *Harkness* v. *Woodmansee,* 7 Utah, 227.

years of adverse user is necessary to mature such right to an easement, while the defendants, in prosecuting this appeal, urge that all other essential elements being perfect, a prescriptive right to an easement by adverse user matures in the same length of time as matures a title to realty, by adverse possession, or such time as would bar an action in ejectment, which in Utah is seven years. Revised Statutes of Utah, Secs. 2859–2860.

In the United States the prescriptive title is held to have matured whenever it is shown that the elements peculiar to prescription, including adverse user, have existed for the period of time fixed by the respective statutes of the several states as necessary to mature a right by adverse possession, or bar an action in ejectment. 2d Greenleaf on Ev., Secs. 538–9; 3 Kent Com., p. 442; *Kripp* v. *Curtis*, 11 Pac. Rep., p. 879; *Arnold* v. *Foot*, 12 Wend. (N. Y.) 330; 3d Wash., *supra;* Washburn on Easements, p. 66; *Sherwood* v. *Burr*, 4th Am. Dec., 211, and note; *Boynton* v. *Longley*, 19th Nev., 69; *Yearger* v. *Woodruff, et al.*, 53 Pac. 1045.

Where the owner of land has used a way over another's land for the length of time equal to that required by the statute of limitation to bar an action to recover land, and the use has been adverse and continuous, a title by prescription is acquired in the way. 19th Am. & Eng. Enc. of Law, p. 25, and cases cited; 3d Kent Com. 3d Ed., p. 442–3, and cases cited; *Chollar-potosi Mining Co.* v. *Kennedy*, 3d Nev., 361; *Barnes* v. *Hayes*, 74 Am. Dec. 328; *Stein* v. *Burden*, (Ala.) 60th Am. Dec. 457; *State* v. *Wilkinson*, (Vermont) 21 Am. Dec. 563; Angell on Water Courses, Sec. 372; see note to *McCoy* v. *Danley*, 57 Am. Dec., 688; *Ferris* v. *Cloud*, 82 Am. Dec., 496; *Campbell* v. *West, et al.*, 44 Cal., 646, and cases cited; Lawson on Presumptive Ev., pp. 405–6.

The provision of Section 2865 of the Revised Statutes of Utah upon which the plaintiff seems to rely can have no application in this case, as the provisions of such section are clearly intended to apply to adverse possession of corporeal hereditaments only, or to the land itself which has such peculiar incidents as substantial inclosure, usual cultivation, etc., and not to adverse user of easements, to which those provisions are clearly inapplicable.

In construing a statute similar to the above the court of New York said: "The Code of Civil Procedure, Sec. 372, requiring either a substantial inclosure, or usual cultivation or improvement as a condition of 'adverse possession' by a person claiming title to land not founded on a written instrument does not apply where a right-of-way is claimed by 'adverse user.'" *Colburn* v. *Marsh,* 22 N. Y. State, 990; same case, 68 Hun. 269.

And for the same reason Sec. 2866, Revised Statutes of Utah, does not apply; this provision has been taken from the California code, Section 325, and the Supreme Court of that state has held that it is not necessary to perfect title to an easement by "user," that taxes should be paid on the land over which the right-of-way passes by the person claiming the easement, under the statute which provides that in order to perfect title by "adverse possession" the claimant must pay the taxes upon the same. *Thomas* v. *England,* 12 Pac. 491; *Humphries* v. *Blasingame,* 37 Pac. 804.

Same doctrine held in the case of *Yearger* v. *Woodruff, et al.,* 53 Pac. (Utah) 1045.

*William K. Reid, Esq.,* and *James W. Cherry, Esq.,* for respondent.

To acquire a right of way by prescription it is necessary that the adverse user should be for 20 years. This

question was squarely presented and decided by this court in the case of *Harkness* v. *Woodmansee*, 7 Utah, 227; *Durkee* v. *Jones*, (Colo.) 60 Pac. Rep. 618.

"For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, judgment, or decree, land is deemed to have been possessed and occupied in the following cases only:

1. Where it has been protected by a substantial inclosure.

2. Where it has been usually cultivated or improved.

3. Where labor or money has been expended upon dams, canals, embankments, aqueducts, or otherwise, "for the purpose of irrigating said lands, amounting to the sum of five dollars per acre."

"In no case shall adverse possession be considered established under the provisions of any section of this code, unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and that the party or persons, their predecessors, and grantors, have paid all taxes, which have been levied or assessed upon such land according to law." Secs. 2860, 2861, 2865, 2866, Revised Statutes of Utah, 1898.

BARTCH, C. J.

This is an action for damages and for injunctive relief. The plaintiff claims that the defendants committed and threaten to commit trespass upon his land. In the answer it is averred that the acts of trespass complained of were the lawful acts of the defendants in removing obstructions placed across the road over plaintiff's land by the plaintiff for the purpose of annoying them while traveling to and from their home; and that for more than ten years prior to the bringing of this suit the defendants and those having occasion to go to and from the premises of defendant

Mads Anderson have continuously, openly, notoriously, with the knowledge of the plaintiff, and under claim of right passed over the land, in question, as their only means of entrance and exit for all ordinary purposes of a road to the said premises.

From the evidence it appears that the plaintiff is the owner of the land over which the road referred to passes; that the defendant Mads Anderson owns the land to which the road leads; that the defendants have enjoyed a right of way over the land in dispute for more than ten years; that they have so used it during all that time openly, notoriously; and under claim of right with the plaintiff's knowledge and acquiescence, until May 22, 1899, when he obstructed the roadway with posts and poles; and that the defendants removed such obstructions. At the trial the court entered judgment in favor of the plaintiff and the defendants appealed.

The controlling question presented is whether an uninterupted user and enjoyment by the owner of one tract of land of what he claims as an easement in that of another, will ripen into a prescriptive right during the period prescribed by the statute of limitations for quieting titles to land. The appellant contends that the right to an easement by adverse user becomes complete in the same length of time, as would bar an action in ejectment, which in this state would be seven years, while the respondent maintains, that to acquire a right of way by prescription it is necessary that the adverse user should be for twenty years.

In ancient times a right to an easement could only be established upon an adverse use and enjoyment from time immemorial, that is, when the origin of such use was no longer within the memory of man. Later to obviate the uncertainty of title arising from adverse user for what-

ever length of time, and to avoid the rule of legal memory, the time of uninterrupted use and enjoyment was changed to a period of twenty years, by presuming a grant by deed. This legal presumption of such title, however, is not conclusive, and may be rebutted by other evidence. "The fiction," says Mr. Washburn, "of presuming a grant from twenty years' possession or use, was invented by the English courts in the eighteenth century, to avoid the absurdities of their rule of legal memory, and was derived by analogy from the limitation prescribed by the Statute of 21 Jas. 1, c. 21, for actions of ejectment, not upon a belief that a grant in any particular case has been made, but on general presumptions. * * * This period, unless other provision was made in the local statutes of the state, in which the questions have arisen, has been assumed to be the term of twenty years. So that now an enjoyment of an easement for the term of twenty years raises a legal presumption that the right was originally acquired by title. Washburn's Easements and Servitude (4th ed.) 125, 126.

At the present day, the presumption of a grant of an incorporeal hereditament is, in many jurisdictions, limited to a period analogus to that of the statute of limitations, relating to the quieting of titles to corporeal heredita- ments. The presumption of a grant is the foundation of the doctrine of prescription and is, in effect, the same whether it arises because of an adverse user for a period of twenty years, or by analogy because of such user for the period prescribed by the statute of limitations. Where, however, it is sought to establish a prescriptive right to an incorporeal hereditament by the presumption of a grant analogous to the statute, the facts from which the pre- sumption arises under the statute must be shown to exist, and the burden of showing their existence is upon the

party claiming the easement. To ascertain what facts must exist to bar an action as to real property in this state, and determine whether the period of limitation prescribed by the statute applies by analogy to this case, resort must be had to the statutory provision upon which the appellants rely.

Sec. 2860, R. S., provides: "No cause of action, or defense or counter-claim to an action, founded upon the title to real property or to rents or profits out of the same, shall be effectual unless it appears that the person prosecuting the action, or interposing the defense or counter-claim, or under whose title the action is prosecuted or defense or counter-claim is made, or the ancestor, predecessor, or grantor of such person, was seized or possessed of the property in question within seven years before the comitting of the act in respect to which such action is prosecuted or defense or counter-claim made."

Under this provision an action or defense founded on real property is barred when the possession has been adverse for a period of seven years prior to the comitting of the act concerning which the controversy arose.

Sec. 2861, *Id.* reads: "In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property shall be presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possessed adversely for seven years before the commencement of the action."

According to this the presumption that the legal title is in the owner, unless it appear that the property was held and possessed adversely to him for seven years.

In Sec. 3864, *Id.*, it is provided: "Where it appears

that there has been an actual continued occupation of land under claim of title, exclusive of any other right, but not founded upon a written instrument, judgment or decree, the land so actually occupied, and no other, shall be deemed to have been held adversely."

This provision declares when and under what circumstances the possession of real estate under claim of title not founded upon a written instrument, judgment or decree, shall be deemed to have been held adversely.

Sec. 2865, *Id.*, declares what constitutes possession and occupancy, and reads:

For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:

"1. Where it has been protected by a substantial inclosure.

"2. Where it has been usually cultivated or improved.

"3. Where labor or money has been expended upon dams, canals, embankments, acqueducts, or otherwise, for the purpose of irrigating said lands, amounting to the sum of five dollars per acre."

Sec. 2866, *Id.*, reads: "In no case shall adverse possession be considered established under the provisions of any section of this code, unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and that the party or persons, their predecessors, and grantors, have paid all taxes which have been levied and assessed upon such land according to law."

It will be noticed upon examination that in none of these provisions of the statute is there any reference to a right of way or any easement by prescription. None of the requisites, enumerated in Sec. 2865, are shown to have

existed in the case at bar. The facts attending the use and enjoyment by the appellants are not such as the statute requires, and hence a prescriptive right cannot arise by analogy to the statute.

This court, in *Harkness* v. *Woodmansee*, 7 Utah, 227, a case very similar to the one at bar, where a like statute was construed, said: "The statute does not, in effect, presume a grant and give the person relying upon it the title from seven years' possession alone. The presumption is made from the fact that the land was held adversely; and to make the holding adverse the land must have been protected by a substantial inclosure, or it must have been usually cultivated or improved, or labor or money must have been expended to irrigate it, amounting to the sum of five dollars per acre. And in either case the occupation and claim must have been continuous for the seven years, and during that time the claimant, his predecessors or grantors, must have paid all taxes levied and assessed upon the land according to law. This statute does not apply to rights of way or any other class of easements by prescription. It can only be applied by analogy. The plaintiffs' use and enjoyment of the land in dispute, or the facts attending the same, were not such as the statute above quoted required, or their equivalent; hence a prescriptive right cannot arise in favor of the plaintiffs therefrom by analogy thereto. It is conceded that the use and enjoyment, such as it was, was for less than twenty years so that period of limitation cannot apply."

Here, as there, it is conceded that the use and enjoyment of the easement was for a less period than twenty years and, therefore, that limitation does not apply. Since the same point was raised, presented and decided in that case, that decision must be regarded as authority in this. See, also, *Durkee* v. *Jones*, 60 Pac. Rep. 618.

The decision in *Yeager* v. *Woodruff*, 17 Utah, 361, does not militate against the doctrine of this case. The cases cited from California are not applicable here, because in that state, by express enactment, the statutory limitations apply to rights claimed by prescription. 2 Cal. Civ. Code, Sec. 1007.

We perceive no reversible error in the record. The judgment is affirmed, with costs.

MINER, J. and BASKIN, J. concur.