MELVINA. COLEMAN, Respondent, v. EDMUND G. HINES, Appellant.

### No. 1343.    (67 Pac. 1122.)

1. **Adverse Possession: Seven Year Statute: Application to Easements.**

   In action to assert title to land by reason of seven years' adverse possession, pursuant to Revised Statutes 1898, sections 2865, 2866, which do not refer to any right of way or easement by prescription, judgment can not be rendered in favor of a right of way based on a use and occupation thereunder, where the finding is adverse to plaintiff as to the ownership of the land, as a prescriptive right can not be raised by analogy under such sections when the use and occupation are not such as they require to support a claim of title to the land.[1]

2. **Same: Pleading Prescriptive Title.**

   Where a party relies on his title as obtained by prescription, he must allege the facts showing the existence of the right, or plead the prescriptive right, averring that its existence was under a claim of right, was peaceable, without interruption, and open, notorious, and exclusive.[2]

(Decided March 7, 1902.)

Appeal from the Third District Court, Salt Lake County.— *Hon. Ogden Hiles*, Judge.

The case is stated in the opinion. From a judgment partly in favor of the plaintiff, the defendant appealed.

REVERSED *(with instructions)*.

---

[1] Harkness v. Woodmansee, 7 Utah 227; 26 Pac. 291; Funk v. Anderson, 22 Utah 238; 61 Pac. 1006.

[2] Larsen v. Onesite, 21 Utah 38; 59 Pac. 234.

*Messrs. Booth, Lee & Ritchie* for appellant.

Twenty years user is necessary to establish an easement for a right of way. An easement can be acquired only by grant or by prescription. A grant is not claimed here. Prescription is only allowed to supply the loss of a grant, which is presumed from use extending so long that the "memory of man runneth not to the contrary." Modern adjudications have altered the rule. Twenty years use furnishes the presumption of a grant in England. Campbell v. Wilson, 3 East 300; Read v. Brookman, 3 T. R. 157, 6 East 214; Livett v. Wilson, 3 Bing. 115, 10 Moore, 339; Keymer v. Summers, 3 Bull N. P. 75.

The weight of American authorities is to the same effect.

The following are selected as sample authorities from the different states: Lawton v. Rivers, 13 Am. D. 741, 2 McCord 445; French v. Marstin, 57 Am. D. 294; Stuyvesant v. Wooruff, 47 Am. D. 156; Kilburns v. Adams, 39 Am. D. 754; State v. Hunter, 44 Am. D. 1; Mahan v. Brown, 28 Am. D. 461; I. C. R. R. v. Bloomington, 167 Ill. 9; 47 N. E. 318.

Pennsylvania makes it twenty-one years. Reimer v. Stubbs, 59 Am. D. 744.

In Utah, this court has affirmed the correctness of this rule. Harkness v. Woodmansee, 7 Utah 231. See, also, to the same effect: McMaster v. Morse, 18 Utah 21, 27, 28; Larsen v. Onesite, 21 Utah 41; Strickley v. Hill, 22 Utah 272.

An easement can not be acquired by operation of the statute of limitations merely. This proposition is only another way of stating the essential elements of the principle involved in the doctrine that prescription presumes a grant, and the user to perfect title to an easement must be open, peaceable, continuous and as of right. Especially as to a right of way must the use be continuous. Cross v. Lewis, 2 B. & C. 686, 9 E. C. L. 299; Lehi Valley Ry. Co. v. Mc-

Farlan, 30 N. J. Eq. 180; Ward v. Warren, 82 N. Y. 265; I. C. R. R. v. Bloomington, 167 Ill. 9, 47 N. E. 318; Larsen v. Peterson, 53 N. J. Eq. 88; Lampman v. Milks, 21 N. Y. 515; Cooper v. Smith, 11 Am. D. 658, and note 663; Gayetty v. Bethune, 7 Am. D. 189.

*Messrs. Pierce, Critchlow & Barrette* for respondent.

We agree with appellant's counsel that the findings of fact are conclusive, and that in this case they can not be reviewed. The court must therefore conclude that the evidence sustained all of the findings of fact. Among the findings is this: "That since about the first day of March, 1892, the plaintiff has had and used the right of way for foot passengers only along the east side of her said dwelling house," over the land described. This finding is absolutely conclusive. The fallacy of counsel's argument is in assuming that the right defined by this finding could have been acquired by adverse use only. There are many other ways that this right could have been acquired, for instance, by deed, by operation of law, or by lease. The evidence is not here. This court will not presume error. It must therefore presume that the plaintiff introduced in the *nisi prius* court proper proof of her said right to sustain this finding.

PER CURIAM.—The plaintiff in her complaint claims that she is and has been since October 24, 1891, the owner, and in the open, quiet, peaceable, and adverse possession, of the premises in controversy, and claims title thereto in fee; that defendant claims an estate therein adversely to her, which is without right; and she prays that it be adjudged void. Defendant claims title in fee and possession of the property. The trial court decreed the title in fee to the disputed strip of land in the defendant, but found that since about the first day of March, 1892, the plaintiff has had and used a right of way for foot passengers only along the east side of her dwell-

ing house, over the lands described, etc., and made a decree that plaintiff was entitled to have the use of said strip of land for the purpose of a right of way for foot passengers, but for no other purpose; that on or about the twenty-third day of February, 1899, the defendant caused to be surveyed and staked, so as to be plainly marked, the boundary line between the land owned by him and that of the plaintiff, mentioned in these proceedings. The west line of his land is set forth in the first finding. The defendant appeals from the decree awarding the plaintiff an easement or right of way over the strip of land 110.5 feet long and 1.46 feet wide. The plaintiff in her complaint bases her claim upon the ownership and possession of the disputed land. The pleadings, findings, conclusions, and decree raise no question of the right of this alleged easement by way of lease, deed, or operation of law. The court finds against the plaintiff on the question of ownership, and in her favor as to the use and possession of the right since March 1, 1892. The possession of the plaintiff dates from March 1, 1892. According to the complaint and findings, this possession was interrupted on the twenty-third day of February, 1899. The exclusive, uninterrupted, and adverse possession was interrupted before the seven years expired. The possession was not continuous, adverse, uninterrupted, or exclusive for a period of seven years; nor does it appear that during that period the plaintiff, or her predecessors in interest, have paid the taxes levied upon the property, or inclosed it, within the meaning of sections 2865, 2866, Revised Statutes 1898, and the holding of this court in Harkness v. Woodmansee, 7 Utah 227, 26 Pac. 291, and Funk v. Anderson, 22 Utah 238, 61 Pac. 1006. In neither of the provisions of the statute referred to is there any reference to any right of way or easement by prescription. The facts found attending the use of the right of way of the plaintiff are not such as those provisions of the statute require, and a prescriptive right can not be raised by analogy under the statute. The use and enjoyment of the right of way or

easement found was for a less period than twenty years, and therefore that limitation does not apply, under the statute. This rule, as announced by this court, is decisive of this case. Harkness v. Woodmansee, 7 Utah 227, 26 Pac. 291; Funk v. Anderson, 22 Utah 238, 61 Pac. 1006; Campbell v. Wilson, 3 East 300; Lawton v. Rivers, 13 Am. Dec. 741; French v. Marstin, 57 Am. Dec. 294.

Where a party relies upon his title as obtained by prescription, he must allege the facts showing the existence of the right, or plead the prescriptive right, averring that its existence was under a claim of right, was peaceable, without interruption, and open, notorious, and exclusive. Larsen v. Onesite, 21 Utah 38, 59 Pac. 234.

The case is reversed and remanded, with instructions to the court below to vacate and set aside the judgment, and to render judgment in favor of the appellant in accordance herewith, with costs.   It is so ordered.