[Civ. No. 12007. First Dist., Div. Two. Feb. 2, 1942.]

GEORGE BERTELSEN et al., Respondents, v. RAY W. BERTELSON, Appellant.

Combs & Murphine and Lee Combs for Appellant.

J. W. Falkner for Respondents.

STURTEVANT, J.—In this action to quiet title the trial court made findings in favor of the plaintiffs and from the

judgment entered thereon the defendant Ray W. Bertelson has appealed.

The plaintiffs pleaded their action in the ordinary form to quiet title to certain lots located in the county of Los Angeles. The defendant Ray W. Bertelson appeared and answered. In his answer he inserted certain denials, made some admissions, and then alleged ". . . that he now is and during all times mentioned in plaintiffs' complaint has been and was prior to the commencement of this action the owner in fee simple of said real property hereinbefore described; admits that this answering defendant claims and has an interest in the real property hereinbefore described adverse to plaintiffs herein. . . ."

On the trial both parties claimed to deraign title from Christian Bertelsen, a brother of the plaintiff George Bertelsen and an uncle of the defendant Ray W. Bertelson.

The plaintiffs introduced evidence showing ownership in Christian Bertelsen, that he died testate in Los Angeles County, that his will was probated in said county and a decree of distribution was entered awarding to Hans Bertelsen, a brother, various parcels of land, including the parcels described in the plaintiffs' complaint. The plaintiffs also introduced evidence that thereafter Hans Bertelsen died testate in Los Angeles County and after proceedings duly had a decree of distribution was entered awarding various parcels of land including the lots described in plaintiffs' complaint to the plaintiff George Bertelsen, a brother. Except as herein noted no question regarding the title of the plaintiffs is presented in the record.

In support of his claim the defendant introduced evidence showing that on the 31st day of March, 1903, Hans Bertelsen executed a power of attorney to his brother B. Bertelson. At the time that document was executed the principal resided at Holstein, Iowa. However the power of attorney was acknowledged before a notary public on the same day in the county of Pierce, State of Washington. The defendant also offered in evidence a deed dated the 18th day of January, 1938, by said attorney in fact, conveying the parcels in suit to his son, the defendant. The deed was signed Hans Bertelsen by B. Bertelson his attorney in fact. It recited that it was made in consideration of $10. The power of attorney recited that it authorized the attorney "To plat, sell, contract for the sale of, and convey lands, tenements and heredita-

ments; to sign, seal, execute, acknowledge, and deliver all deeds, leases, assignments, releases and discharges, covenants, indentures, contracts and agreements of every nature and kind, and all other instruments in writing which he may deem necessary and proper in the due course of business." It contained no other authorization to make any other kind of a transfer.

The defendant Ray W. Bertelson resided at Tacoma, Washington. The deed made to him by B. Bertelson, the attorney in fact of Hans Bertelsen, was made at Tacoma. The plaintiff George Bertelsen at the same time resided with Hans Bertelsen, his brother, at 1501 South Marguerita, Alhambra, California, and, during the last illness of his brother, George was acting as his servitor and secretary. After the defendant had rested the plaintiff George Bertelsen was called as a witness in his own behalf and testified that between the 18th day of January, 1938, the date of defendant's deed, and the 30th day of January, 1938, the date of the death of Hans Bertelsen, the latter did not receive any remittances from Tacoma, Washington.

■ Before proceeding the condition of the pleadings and the issues before the trial court should be noted. As recited above the plaintiffs alleged an ordinary action to quiet title. The defendant admitted many of the allegations but denied ownership in the plaintiffs and asserted ownership in himself. The plaintiffs were not informed as to what documents the defendant would rely on as showing his claim. When on the trial it transpired that the defendant was relying upon the deed purporting to be executed by B. Bertelson as attorney in fact, the statute, Code Civ. Proc., sec. 462, authorized the plaintiffs to present any defense they had to such new matter. (*Moore* v. *Copp,* 119 Cal. 429 [51 Pac. 630]; *Wolf* v. *Gall,* 176 Cal. 787 [169 Pac. 1017].) ■ As one of their defenses to the claim of the defendant it was clearly the theory of the plaintiffs that in violation of the terms of the power of attorney and in fraud of Hans Bertelsen, the principal, B. Bertelson attempted to make a deed of gift to the defendant. If the plaintiffs could establish that theory it was a complete defense to the claim of the defendant. (*Randall* v. *Duff,* 79 Cal. 115, 125 [19 Pac. 532, 20 Pac. 610, 3 A. L. R. 754]; *Alcorn* v. *Buschke,* 133 Cal. 655 [66 Pac. 15]; *Frink* v. *Roe,* 70 Cal. 296, 312 [11 Pac. 820].) ■ The power of attorney was special and if the deed was not executed in pursuance of the power it could pass no title.

(*Dupont* v. *Wertheman,* 10 Cal. 354, 367; *Alcorn* v. *Buschke, supra,* 657; *Brown* v. *Laird,* 73 A. L. R. 877, n. 884.)
 As shown by the cited cases such defense sounds in equity. In presenting that defense the plaintiffs were not bound by the consideration recited in the defendant's deed but were entitled to show all of the facts. (*Brison* v. *Brison,* 75 Cal. 525, 532, 533 [17 Pac. 689, 7 Am. St. Rep. 189].) They were not limited by the recital in the deed that the consideration was $10. (*Black Eagle Oil Co.* v. *Belcher,* 22 Cal. App. 258, 263 [133 Pac. 1153].) On the contrary they were entitled to show that the deed was in truth and in fact a gift deed. (*Treat* v. *Treat,* 170 Cal. 329, 336 [150 Pac. 53, 57].) Bearing the foregoing rules in mind, we will now pass to a consideration of the specific points presented by the defendant.

 He complains because the trial court, over his objection and exception, allowed the plaintiff George Bertelsen to testify that his brother, Hans Bertelsen, did not in his presence receive any remittance from the defendant. We find no merit in the point. The evidence was not conclusive but it was clearly pertinent to the replication of the plaintiffs. The latter were attempting to prove that the deed was made without any consideration. The plaintiffs were offering the best evidence they had. Having the negative position only slight proof was required of them. (10 Cal. Jur. 1158.)

 Closely allied with the last point the defendant contends that the trial court erred in making a finding ''That no consideration or other thing of value was paid for said deed by said defendant or anyone for him, but that said deed was wholly voluntary.'' He asserts that said finding was unsupported by any evidence, presumption, or inference. We think those assertions are not supported by the record. We have just cited the oral testimony of the plaintiff George Bertelsen. When he had given that testimony the defendant, according to the statement of his attorney, was in Los Angeles and ''available'' as a witness. However he did not come into the courtroom and tender himself as a witness. He remained absent and now claims to rely on presumptions and inferences. They are not helpful to him. Under the facts above recited the trial court was at liberty to assume that George Bertelsen had testified to the truth or that the defendant would have come into the courtroom and contradicted him. (*Bone* v. *Hayes,* 154 Cal. 759, 765 [99 Pac. 172].)

When the parties rested as recited above the plaintiffs had proved a *prima facie* case. Furthermore there was evidence before the court that the property in suit was of a value of over $8000. The consideration recited in defendant's deed was $10. That was a mere nominal sum. ██ But a gift deed and a deed for a nominal sum are in effect the same. (*Hanrick* v. *Patrick,* 119 U. S. 156, 172 [7 Sup. Ct. 147, 30 L. Ed. 396]; *Huntsman* v. *Huntsman,* 56 Utah 609 [192 Pac. 368, 370]; *Peck* v. *Vandenberg,* 30 Cal. 11, 62; *Salmon* v. *Wilson,* 41 Cal. 595, 604.) As to the authority of an attorney in fact, acting under a power conferred for the benefit of his principal, to make an absolute gift of the property, or convey it away without substantial consideration, we doubt if there is any conflict whatever among the authorities. (Mechem, Agency (2d ed.), sec. 783; 2 Am. Jur. 116; 2 C. J. S. 1332; 1 Cal. Jur. 758.) In 2 C. J. S. 1332, the author says: ". . . nor does it (a power of attorney) authorize a conveyance without consideration, or for a consideration of love and affection, or a merely nominal consideration, or for a consideration running to the agent." The text is supported by *Dupont* v. *Wertheman,* 10 Cal. 354; *Mott* v. *Smith,* 16 Cal. 533, 557; *Huntsman* v. *Huntsman, supra; Brown* v. *Laird,* 134 Ore. 150 [291 Pac. 352, 73 A. L. R. 877 and note 884]. ██ It follows that, whether the deed to the defendant was made as a gift or merely for a nominal sum, it conveyed no title.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.